## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**CALVIN L. MATHIS,**
     **Petitioner,**

**v.**                               **Case No.  5:07cv20/RS/MD**

**JAMES MCDONOUGH,**
     **Respondent.**

_____

## REPORT AND RECOMMENDATION

**Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 14).  Respondent has filed a motion to dismiss the petition as time barred, providing relevant portions of the state court record. (Docs. 17, 18).  Petitioner has filed a response.  (Doc. 20).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.**

## BACKGROUND AND PROCEDURAL HISTORY

**On May 5, 1997 petitioner entered a counseled guilty plea to two counts of Burglary of a Dwelling in the Circuit Court of Calhoun County, Florida, case numbers 96-250 and 96-253.  (Doc. 18, exs. A, B).[1]  That same date he was adjudicated guilty and sentenced as an habitual offender to fifteen years imprisonment on each count**

---

[1]**Hereafter, all references to exhibits will be to those provided at doc. 18, unless otherwise noted.**

(to run concurrently with each other, but consecutive to any other sentence petitioner was then serving).  (*Id.*).  Petitioner did not appeal from the judgment of conviction.  (Ex. C, p. 2; doc. 1, p. 2).

On August 19, 1997 petitioner filed a motion for postconviction relief pursuant to FLA. R. CRIM. P. 3.850.  (Ex. C).  The trial court entered an order denying the motion on October 13, 1997.  (Ex. D).  The Florida First District Court of Appeal ("First DCA") affirmed the denial order without written opinion on July 10, 1998.  *Mathis v. State*, 719 So.2d 291 (Fla. Dist. Ct. App. 1998) (Table) (copy at ex. G).  The mandate issued on August 5, 1998.  (Ex. H).

On August 20, 1998 petitioner filed a motion to correct illegal sentence pursuant to FLA. R. CRIM. P. 3.800(a).  (Ex. I).  The motion was denied on October 26, 1998.  (Ex. J).  An amended order denying relief was entered on January 8, 1999. (Ex. K).  The First DCA affirmed the denial order without written opinion on May 26, 1999.  *Mathis v. State*, 733 So.2d 520 (Fla. Dist. Ct. App. 1999) (Table) (copy at ex. M). The mandate issued on June 21, 1999.  (Ex. N).

On July 13, 1999 petitioner filed a second Rule 3.850 motion.  (Ex. O).  The trial court denied the motion. (Ex. P).  The First DCA affirmed the denial order without written opinion on January 26, 2000.  *Mathis v. State*, 751 So.2d 575 (Fla. Dist. Ct. App. 2000) (Table) (copy at ex. T).  The mandate issued on February 23, 2000.  (Ex. U).

On or about March 21, 2000 petitioner filed a third Rule 3.850 motion.  (Ex. V).[2] The trial court denied the motion.  (Ex. W).  The First DCA affirmed the denial order without written opinion on May 24, 2001.  *Mathis v. State*, 788 So.2d 967 (Fla. Dist. Ct. App. 2001) (Table) (copy at ex. X).  The mandate issued on June 19, 2001.  (Ex. Y).

---

[2]Although the state court record provided by respondent contains only petitioner's memorandum in support of his motion, a motion was filed, as acknowledged in the state court's order denying relief.

On or about May 21, 2001 petitioner filed another motion to correct sentence (Ex. II; ex. JJ).  The motion was denied by order filed on June 6, 2001.  (*Id.*).[3]  No appeal was taken.[4]  (*Id.*).

On or about July 9, 2001 petitioner filed another motion to correct sentence. (Ex. II; ex. JJ).  An order denying the motion was filed on October 3, 2001.  (*Id.*).[5]  No appeal was taken.  (*Id.*).[6]

On November 13, 2002 petitioner filed another Rule 3.850 motion.  (Ex.  II; ex. JJ).  An order denying the motion was filed on January 9, 2003.  (*Id.*).  On September 23, 2003 petitioner filed a notice of appeal.  (Ex. Z).  *See also* www.1dca.org, case no. 03-4083.  On September 25, 2003 the First DCA issued petitioner an order to show cause why the appeal should not be dismissed because the notice of appeal was not timely filed.  (Ex. AA).  *See also* www.1dca.org, case no. 03-4083.  On October 29, 2003 the First DCA entered an order dismissing the appeal, indicating that it had failed to receive a timely response to the order to show cause.  (Ex. BB; ex. II).  *See also* www.1dca.org, case no. 03-4083.

On July 5, 2004 petitioner filed another motion to correct sentence pursuant to FLA. R. CRIM. P. 3.800(a).  (Ex. CC).  An order denying relief was filed on April 7, 2006. (Ex. DD; ex. II; ex. JJ).  The First DCA affirmed the denial order without written opinion on October 23, 2006.  *Mathis v. State*, 940 So.2d 1129 (Fla. Dist. Ct. App. 2006) (Table) (copy at ex. GG).  The mandate issued on November 20, 2006.  (Ex. HH)

---

[3]This information is gleaned from the state circuit court docket sheets in Case Nos. 96-250 and 96-253. (Exs. II and JJ).  Because petitioner did not appeal the trial court's order, respondent was not in possession of the record.  Petitioner does not dispute the accuracy of this information.  (Doc. 20, p. 1).

[4]The absence of an appeal is confirmed by the state circuit court docket sheets in Case Nos. 96-250 and 96-253.  (Ex. II; ex. JJ).  It is also confirmed by the First DCA's online docket.  *See* www.1dca.org.  Petitioner does not dispute the accuracy of this information.  (Doc. 20, p. 1).

[5]*See supra* note 3.

[6]Petitioner states that he appealed the trial court's October 3, 2001 order.  (Doc. 14, p. 3-A). The state circuit court docket sheet in Case No. 96-253 indicates that a notice of appeal was docketed on October 22, 2001.  (Ex. JJ).  However, the docket sheet does not reflect any disposition thereof. The First DCA's online docket does not reflect any appeal having been filed by petitioner in 2001. *See* www.1dca.org.

**Petitioner filed the instant federal habeas petition on January 23, 2007. (Doc. 1, p. 6).**

## DISCUSSION

**Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:**

> **(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**
>
> **(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;**
>
> **(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**
>
> **(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

**§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).**

**In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Thus, the statute of limitations must be measured from**

the remaining trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Because petitioner did not directly appeal his conviction, his conviction became final for purposes of § 2244(d)(1) on June 4, 1997, which is thirty days after rendition of the judgment of conviction.  *See* FLA. R. APP. P. 9.110(b); *Walk v. State*, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); *Gust v. State*, 535 So.2d 642 (Fla. Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of conviction and sentence become final when the 30-day period for filing appeal expires).   Thus, the federal habeas statute of limitations began to run on that date.

The limitations period ran for 75 days until August 19, 1997, when petitioner filed his first Rule 3.850 motion in state court.  That motion was pending (and tolled the limitations period) from August 19, 1997 (the date it was filed) until August 5, 1998 (the date the First DCA issued the mandate on petitioner's appeal of the order denying relief).[7]  The limitations clock began to run once more on August 5, 1998, and ran for 14 days until August 20, 1998, the date petitioner filed his first motion to correct sentence.  That motion was pending (and tolled the limitations period) from August 20, 1998 until June 21, 1999.  The limitations clock began to run once more on June 21, 1999, and ran for 21 days until July 13, 1999, the date petitioner filed his second Rule 3.850 motion.  That motion was pending (and tolled the limitations period) from July 13, 1999 until February 23, 2000.  The limitations clock began to run once more on February 23, 2000, and ran for 26 days until March 21, 2000, when petitioner filed his third Rule 3.850 motion.  That motion was pending (and tolled the limitations period) from March 21, 2000 until June 19, 2001.  During the pendency of that motion, petitioner filed a second motion to correct sentence on May 21, 2001.  That motion was pending from May 21, 2001 until July 6, 2001 (when the 30-day

---

[7]*See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure -- and consequently tolls the limitations period -- until the appellate court's issuance of the mandate on appeal).

period for seeking appellate review of the trial court's June 6, 2001 denial order expired).[8]

The limitations clock began to run once more on July 6, 2001, and ran for 2 days until petitioner filed his third motion to correct sentence on July 9, 2001.  That motion was pending from July 9, 2001 until November 2, 2001 (when the 30-day period for seeking appellate review of the trial court's October 3, 2001 denial order expired).

The limitations clock began to run once more on October 3, 2001, and expired 227 days later on May 18, 2002.   Petitioner's Rule 3.850 motion filed on November 13, 2002 did not trigger the tolling benefit of § 2244(d)(2), because the limitations period had already expired.  *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Nor did the later filing reinitiate the federal limitations period.  *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).  As the habeas petition in this case was not filed until January 23, 2007, it is untimely.[9]

The only remaining issue for this court to decide is whether there is a basis for excusing petitioner's untimeliness.  Petitioner does not assert that he was prevented from timely filing his petition by extraordinary circumstances that were both beyond his control and unavoidable even with diligence.  *See Helton v. Secretary for Dep't of Corrections*, 259 F.3d 1310, 1312 (11th Cir. 2001) ("Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent

---

[8]As set forth in the procedural history of this case, petitioner filed his second Rule 3.800(a) motion on May 21, 2001. It was denied on June 6, 2001. No appeal was taken. Respondent contends this motion did not serve to toll the limitations period because the period was tolled already by petitioner's third Rule 3.850 motion which was pending from March 21, 2000 until June 19, 2001. (Doc. 17, p. 8 n.6).  Respondent forgets, however, that the Eleventh Circuit has held that the time during which a habeas petitioner could have sought appeal of the denial of his motion to correct sentence tolls AEDPA's one-year limitations period even though the petitioner did not seek appellate review of the denial order.  *Cramer v. Secretary, Dep't of Corrections*, 461 F.3d 1380, 1384 (11th Cir. 2006).  Thus, petitioner's second Rule 3.800(a) motion tolled the limitations period from May 21, 2001 until July 6, 2001 (when the 30-day period for filing a notice of appeal of the June 6, 2001 denial order expired).

[9]Petitioner does not dispute that his petition is untimely.  (Doc. 20).

petitioner from timely filing his petition.").  He contends, however, that this court's refusal to consider his petition will result in a fundamental miscarriage of justice because he can show that he is "actually innocent" of his habitual offender sentence. (Doc. 20, pp. 5-6).  Specifically, petitioner alleges that after he signed and initialed the written plea agreement to provide that he would receive a 41-month guideline sentence to run consecutive to the sentence he was already serving, the written agreement was altered to include "unless qualified for H.O. & then 15 years DOC consecutive."  (Doc. 20, p. 2 (quoting doc. 1, appx. A, p. 2)).  Petitioner asserts that counsel was ineffective at the plea and sentencing hearing because counsel failed to object to the alteration.  (Doc. 20, p. 2).  Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, petitioner's allegations do not present a colorable claim of actual innocence.

The Eleventh Circuit has previously assumed that if actual innocence provides a basis for an exception to the limitations period, the evidentiary showing delineated by the United State Supreme Court in *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995) would apply to determine whether the petitioner has made a credible showing of actual innocence.  *See Arthur v. Allen*, 452 F.3d 1234 (11th Cir. 2006) (applying the *Schlup* standard to an untimely petition and holding that petitioner had not made a threshold showing of actual innocence), *modified on other grounds on reh'g*, 459 F.3d 1310 (11th Cir. 2006), *cert. denied*, --- U.S. ---, 127 S.Ct. 2033 (2007); *Sibley v. Culliver*, 377 F.3d 1196, 1205-06 (11th Cir. 2004) (same).  In *Schlup*, the Supreme Court set forth the standard of proof governing a habeas petitioner's procedural claim of actual innocence:  The petitioner must show that constitutional error "probably resulted" in the conviction of one who is actually innocent.  *Id.*, 513 U.S. at 324, 326-27, 115 S.Ct. at 865, 867.  A mere allegation of innocence is not enough; "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are

rarely successful." *Schlup*, 513 U.S. at 324, 115 S.Ct. at 865; *see also House v. Bell*, --- U.S. ----, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006) (reaffirming the standard for the actual innocence exception as that articulated in *Schlup v. Delo, supra*).

Petitioner's claim of actual innocence is easily disposed of, as there is no new evidence of his factual innocence.  The alleged alteration of the written plea agreement concerning the negotiated sentence is part of the record as it existed at the time judgment was entered.  (Doc. 18, ex. A).

### CONCLUSION

The instant petition for writ of habeas corpus is untimely.  The record does not support the application of the equitable tolling doctrine or any other exception to the limitations period.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 17) be GRANTED.

2.  That the amended petition for writ of habeas corpus (doc. 14) challenging the convictions and sentences in *State of Florida v. Calvin Lee Mathis*, in the Circuit Court of Calhoun County, Florida, case numbers 96-250 and 96-253, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 9th day of November, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).